*Formatted for Electronic Distribution*                    *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 26-10146 |
| GLENN CHRISTOPHER ANDERSEN, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

Filed & Entered
On Docket
06/22/2026

## MEMORANDUM OF DECISION DENYING
## DEBTOR'S MOTION TO IMPOSE THE AUTOMATIC STAY

Debtor commenced this case on June 15, 2026.[1] This is the third bankruptcy case Debtor has filed in this District within the last year.[2] Debtor's first case was dismissed due to various compliance issues including Debtor's failure to make plan payments to the trustee, failure to attend his 341 meetings and failure to timely submit required documents. Debtor's second case was dismissed at his request.

Debtor filed this case one month after his second bankruptcy case was dismissed. Because Debtor's previous two cases were pending during the year prior to the date the instant case was filed, the Debtor filed an Emergency Motion to Impose the Automatic Stay on June 15, 2026 (the Motion).[3]

On June 22, 2026, the Court held an evidentiary hearing to consider the Motion. At the hearing, Debtor appeared pro se, Bonnie Baker, appeared on behalf of Andrea Celli, the Chapter 13 Trustee, Jocelyn Brown, Esq., appeared on behalf of the Internal Revenue Service (IRS) and Alexandra Edelman, Esq. appeared on behalf of secured creditor NorthCountry Federal Credit Union (NCFCU).

Based upon the evidence presented at the June 22, 2026 hearing, Debtor has failed to rebut the presumption that his current case was not filed in good faith. Accordingly, Debtor's Motion to Impose the Automatic Stay is denied.

### Background Facts

In the Motion, Debtor seeks to impose the automatic stay to cancel a foreclosure sale of

---

[1] ECF 1.
[2] *See* Docket Nos. 25-10185 and 26-10061.
[3] ECF 9.

his property located at 1459 Sweet Road in Waterbury, Vermont (the Property) scheduled for June 23, 2026.  Debtor attached various pleadings related to the foreclosure in support of the Motion. The pleadings include a Writ of Possession executed by the Clerk of the Vermont Superior Court, Washington Civil Division dated June 1, 2026; an Amended Notice of Sale scheduling the foreclosure sale for June 23, 2026 dated April 28, 2026.[4] NCFCU received a Judgment and Decree of Foreclosure by Judicial Sale in December 2024 and is the foreclosing creditor.

The Property constitutes Debtor's primary residence and has also been used as an agricultural, hospitality and business property.[5] Debtor asserts the Property's revenue producing activities should be preserved because the activities "may contribute to a feasible reorganization if allowed to continue."[6]

In support of the Motion and his argument the current case has been filed in good faith, Debtor delineates the schedules and documents he has assembled and filed since his prior bankruptcy cases were dismissed. For example, Debtor has completed his credit counseling, filed outstanding tax returns, and assembled documentation regarding activities related to the Property. As this Court has already found, the Debtor's cure of deficiencies from prior cases do not clearly and convincingly demonstrate Debtor has undergone a substantial change in personal or financial circumstances.[7]

Although Debtor does not mention in the Motion his filing of a proposed plan, Debtor filed a proposed plan in this case on June 15, 2026, the same date he filed his petition and schedules.[8] The proposed plan does not set forth the mortgage payment amount or the amount Debtor proposes to pay toward the arrearage. Debtor's Schedule J sets forth a mortgage payment of $4,200, real estate taxes of $1,790, and homeowner's insurance of $408.50 monthly. Debtor's net income on Schedule J is $1,041.93.[9] Debtor's proposed plan payment is $3,500 a month which progressively increases.[10]

NCFCU objects to the Motion.[11]  NCFCU argues Debtor cannot rebut the presumption that the current case was filed in bad faith. NCFCU points to a lack of change in Debtor's

---

[4] ECF 9, Exhibit H.
[5] ECF 9.
[6] *Id.*
[7] Docket No. 26-10061, ECF 27.
[8] ECF 4.
[9] ECF 1.
[10] ECF 4.
[11] ECF 14.

circumstances based upon the passing of only one month since his last case was dismissed and feasibility deficiencies since Debtor's disposable income is mathematically insufficient to cure his mortgage arrears.[12] NCFCU avers the Court may infer a scheme to hinder or delay NCFCU's lawful efforts to collect based upon the timing of Debtor's petitions and an apparent lack of real intent to finalize a plan. According to NCFCU, Debtor has not and cannot present clear and convincing evidence to rebut the presumption Debtor filed the current case in bad faith. NCFCU seeks an expedited determination and "Comfort Order" under § 362(j) confirming that no automatic stay is in effect as to the Property and to allow the foreclosure auction to proceed without interruption on June 23, 2026.

The IRS responded to the Motion as well.[13] In the IRS Response, the IRS compares Debtor's financial circumstances as reflected in the Motion and the initial filings with Debtor's financial circumstances in his prior cases. Based upon its comparison, the IRS concludes Debtor's source of income remains the Property and while there appears to be an unsubstantiated small increase in monthly income on Schedule I, the net monthly income on Schedule J is significantly less in the current case than Debtor's prior cases. At any rate, the net income on Schedule J does not support the proposed Plan payment which undercuts Debtor's probability of success in the current Chapter 13 case.

### Discussion

Section 362(c)(4) of the Bankruptcy Code prevents the automatic stay from taking effect in a case filed by a debtor who has had two or more prior cases dismissed within the year. The Code provides that if a single or joint case is filed by or against an individual debtor under any chapter of title 11, and the debtor has had two or more single or joint prior cases that were pending within the preceding one-year period and were dismissed, the automatic stay provided under § 362(a) shall not go into effect upon the filing of the later case. For this stay limitation to apply, at least two prior cases filed under any chapter must have been pending and subsequently dismissed during the one-year period. Such is the case before the Court.

However, the Code contains an explicit and substantive right and statutory procedure for a party in interest, such as Debtor here, to seek the imposition of the stay. Section 362(c)(4)(B) provides that upon motion of a party in interest filed within 30 days after the filing of the later

---

[12] While NCFCU does not include the amount of the mortgage arrears, in Debtor's first case 25-10185, NCFCU's Proof of Claim (No. 5-1) contained a deficiency in the amount of $151,407.12 with a total claim in the amount of $926,863.24.
[13] ECF 22.

3

case, and after notice and hearing, the court may order the automatic stay to take effect as to any or all creditors, subject to conditions or limitations that the court may impose, if such party demonstrates that the later case has been filed in good faith as to the creditors to be stayed by the filing.

A presumption that a case was not filed in good faith may arise under this subsection, subject to rebuttal by clear and convincing evidence to the contrary. Section 362(c)(4)(D)(i) lists the criteria under which the presumption arises:

- Two or more previous cases filed by or against the debtor under any chapter of title 11 were pending within the preceding one-year period;

- A previous case was dismissed within the preceding one-year period after the debtor failed to (a) file or amend without substantial excuse the petition or any required documents, (b) provide adequate protection ordered by the court, or (c) perform the terms of a confirmed plan; or

- There has not been a substantial change in the debtor's financial or personal affairs since the dismissal of the prior case, or there has not been any other reason to conclude that the later case will not be concluded either with a discharge if it is a chapter 7 case or with a confirmed plan that will be fully performed if it is a chapter 11 or 13 case.

The presumption under this subsection arising if a previous case is dismissed due to the debtor's failure to file or amend the petition or other required documents is applicable only if the debtor's actions are without substantial excuse. This provision states that mere inadvertence or negligence on the part of the debtor shall not be a substantial excuse, unless the dismissal was caused by the negligence of the debtor's attorney. Debtor consistently claims that because he initiated each of his cases on a *pro se* basis that the Court should ignore his inadvertence or negligence.

There is no question the presumption applies to the case before the Court. Debtor had two or more cases pending within the preceding one-year period, both of which were ultimately dismissed because of filing deficiencies.[14] When the presumption applies, as it does here, "it is as though evidence has already been provided, establishing that the case was not filed in good faith."[15] The magnitude of this evidentiary challenge cannot be understated. "If no further evidence is

---

[14] Debtor's second case was dismissed at his request after the Trustee asserted Debtor was not eligible for relief under §109(h) for failure to receive credit counseling within the 180 days prior to filing.
[15] *In re Montoya*, 333 B.R. 449, 457 (Bankr. D. Utah 2005).

presented by the Debtor, the only evidence the Court has is the presumption."[16] To prevail, the Debtor must "present highly probable evidence of his good faith."[17]

Thus, the result of the Motion hinges upon whether Debtor has rebutted the presumption that his current case was filed not in good faith. While the Bankruptcy Code does not define "good faith" for purposes of extending the automatic stay, Courts have used various factors to evaluate the totality of the circumstances.[18] The factors are by no means rigid and "are not necessarily weighted, nor are they exhaustive … and different weight may be given to different factors in making a final conclusion based upon the totality of the circumstances [in each case]."[19]

The Court will examine the circumstances underlying the Debtor's current bankruptcy case, including if and how they differ from the circumstances of his prior cases, as well as the arguments and testimony the Debtor presented at the hearing on the Motion, and the content of the NCFCU Objection and IRS Response, against the factors it finds most relevant to assess whether, under the totality of circumstances, the Debtor has met his burden of showing, by clear and convincing proof, that he filed this case in good faith. The Court finds the following four non-exclusive factors to be most probative in this case: (1) Debtor's past bankruptcy filings, which includes a determination of whether Debtor experienced a change in circumstances warranting another filing; (2) the period of time that elapsed between Debtor's filings; (3) Debtor's pre-petition behavior; and (4) the effect of Debtor's repeated filings on creditors.[20]

The Court takes judicial notice of its dockets in Debtor's bankruptcy filings. The Court finds the following information relevant to the matter before the Court, all of which appear in documents signed by Debtor under penalty of perjury:

---

[16] *Id.; see also In re Thomas*, 352 B.R. 751, 754 (Bankr. D.S.C. 2006) ("The existence of a presumption means that if the movant comes forward with no evidence, the motion to extend must be denied.").

[17] *In re Taylor*, 2007 WL 1234932, *2, 2007 Bankr. LEXIS 1505, *5 (Bankr. E.D. Va. 2007); *see also In re Ferguson*, 376 B.R. 109, 119 (Bankr. E.D. Pa. 2007) ("Clear and convincing evidence is evidence that produces in the mind of the trier of fact an abiding conviction that the truth of the factual contentions is highly probable.").

[18] *In re Gasperini*, No. 25-21528, 2025 WL 1537695, at *3 (Bankr. D. Utah May 29, 2025) (applying a nine-factor test to determine whether the debtor had filed in good faith); *In re Blankenship*, No. 1:25-BK-11129-NWW, 2025 WL 1821144, at *4 (Bankr. E.D. Tenn. July 1, 2025) (applying a non-exhaustive list of seven factors in determining whether a subsequent case was filed in good faith); *In re Winters*, No. 06-70447, 2006 WL 3392890, at *4 n.6 (Bankr. W.D. Va. Nov. 22, 2006) (adopting a non-exhaustive list of six factors).

[19] *In re Montoya,* 333 B.R. 449, 458, 460 (Bankr. D. Utah 2005).

[20] *In re Moss,* 633 B.R. 711, 713 (Bankr. D. S.C. 2021) (analyzing §362(a)(4)(d)).

|  | 25-10185 | 26-10061 | 26-10146 |
|---|---|---|---|
| Petition Filing Date | 8/25/25 | 3/19/26 | 6/15/26 |
| Schedule I Net Income (line 12) | $9,166.00 | $7,666.00 | $10,804.43 |
| Schedule J Monthly Expenses (line 22) | $7,592.00 | $6,792.00 | $9,762.50 |
| Schedule J. Net Income (line 23c) | $1,574.00 | $2,374.00 | $1,041.93 |
| Plan Payment | $3,200 (6 mos)<br>$4,500 (12 mos)<br>$6,500 (12 mos)<br>$8,000 (30 mos) | $2,000 (3 mos)<br>$3,200 (9 mos)<br>$4,500 (12 mos)<br>$6,500 (12 mos)<br>$8,000 (24 mos) | $3,200 (9 mos)<br>$4,500 (12 mos)<br>$6,500 (12 mos)<br>$8,000 (24 mos) |
| Creditor Payments Rec'd | $0 | $0 | Not Yet Due |
| Dismissed | 12/10/25 | 5/13/26 | n/a |
| Time in Case | 107 | 55 | n/a |
| Time Between Cases | n/a | 99 | 33 |

Debtor's overall net income has decreased over the course of his filings.

Debtor claims he has experienced a change in financial circumstances that would warrant a finding of good faith. With the Motion, Debtor submitted a report of four anticipated hospitality bookings through Airbnb, the latest of which is September 24, 2026, with an anticipated future revenue of $12,850.08 collectively.

At the hearing, Debtor presented evidence of anticipated income based on the expected rental income of the Property as a part of a hospitality program.[21] Debtor also claims additional revenue will be generated through the sale of firewood and musical instruments. No evidence of anticipated firewood sales or musical instruments was presented. Debtor presented no evidence of the anticipated net income to demonstrate what costs, if any, he would incur in producing the revenue. The Operating Report filed in the Second Case demonstrates that underlying costs related to producing income exist.[22] In short, Debtor did not provide concrete evidence of his actual regular income.

Debtor claims he has experienced a change in his personal circumstances because he has

---

[21] In Debtor's second case (26-10061), Debtor states in his Motion to Extend Automatic Stay [ECF 15] "[t]he Debtor has established a structured seasonal hospitality program at the property consisting of a series of scheduled gatherings across four weekends, designed to generate recurring income and support related on-site services. Initial participation commitments and advance reservations associated with this programming are expected to generate approximately $4,000-$8,000 in near-term revenue…"

[22] Docket No. 26-10061, ECF 18.

located an attorney who may be able to represent him in this case. As of the hearing, no attorney has filed a notice of appearance and Debtor did not present evidence of retention. The Court finds this to be an insufficient change in personal circumstances to rebut the presumption.

It is undisputed the timeframe between Debtor's second filing and the current case is approximately one month. The second case was dismissed on May 13, 2026 and the current case was filed on June 15, 2026.

While Debtor produced as Exhibit N during the hearing an account of new hospitality bookings between June 10 and June 17 (in addition to those detailed in the attachment to the Motion), he provided no details of his business activities between the dismissal of the prior case and the commencement of the current case. Debtor testified one reservation was made during the interim period and that he focused on making firewood. Because the Property is instrumental to the Debtor's ability to make a living and to pay his creditors, with the looming foreclosure sale, he was reticent to accept reservations. The Court is unclear whether one reservation was created, or one reservation was fulfilled during that time.

Nonetheless, Debtor did not present sufficient evidence to support the change in tide that he proposes will occur at the Property or how the income will become sufficiently regular to make the proposed stepped plan payments. Debtor made no payments in his prior two bankruptcy cases and no payments have been tendered in his current case. As NCFCU points out, Debtor has not made a mortgage payment in nearly three years.

As to the effect of the filings on Debtor's creditors, NCFCU argues in its opposition to the Motion that (1) Debtor has not made a mortgage payment since August 18, 2023; (2) Debtor filed the First Bankruptcy Case (Docket No. 25-10185) nine days before NCFCU's noticed and scheduled public auction of the Property; (3) Debtor filed the Second Bankruptcy Case (Docket No. 26-10061) six days before NCFCU's second noticed and scheduled public auction of the Property ; and (4) Debtor's current case was filed eight days before NCFCU's third noticed and scheduled public auction of the Property. NCFCU urges the Court to infer Debtor's filings are part of a scheme to hinder and delay NCFCU's attempted exercise of its state court right to foreclose, especially considering Debtor's lack of a change in circumstances or a steady high-volume source of disposable income sufficient to fund a plan payment that could cure and maintain Debtor's obligation to NCFCU.

Attached to the Motion is the Amended Notice of Sale for the foreclosure sale scheduled

for June 23, 2026.[23] The Amended Notice is dated April 28, 2026, one week after the Court denied Debtor's Motion to Extend the Stay in the second case.[24] Debtor requested dismissal shortly thereafter on May 5, 2026.[25] The Writ of Possession issued on June 1, 2026.[26] It appears as though the approaching foreclosure auction prompted the current case filing, as it appears to have done in each of Debtor's prior cases.

Considering the totality of the circumstances, the Court finds Debtor has failed to rebut the presumption that the above-captioned chapter 13 case was not filed in good faith. After observing Debtor at the hearing and considering the substance of his testimony in its entirety, the Court finds the testimony confusing, internally inconsistent, and inconsistent with Debtor's Schedules filed under penalty of perjury. Accordingly, while the Court is sympathetic to Debtor's circumstances, it finds his testimony optimistic and far from clear and convincing evidence. Thus, the Court affords it little weight.

Accordingly, Debtor's Motion to Impose the Automatic Stay is DENIED. This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law.

**SO ORDERED.**

June 22, 2026
Burlington, Vermont

_Heather Z. Cooper_

Heather Z. Cooper
United States Bankruptcy Judge

---

[23] ECF 9 at Exhibit H.
[24] Docket No. 26-10061, ECF 27.
[25] Docket No. 26-10061, ECF 32.
[26] ECF 9 at Exhibit H.